## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:14CR01261-001RB** |
| | ) | |
| **PAWANKUMAR JAIN, M.D.,** | ) | |
| **a.k.a. PAWAN KUMAR JAIN** | ) | |

### DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

Comes now the Defendant, Pawan Kumar Jain, and moves the Court for a downward variance[1] from the guidelines the Court has found applicable in this case, and would show the Court the following:

### I.

The Court has found the applicable guideline range in this case (135-168 months), over defense objections. However, the agreed top of the sentencing range in the plea agreement filed under Rule 11(c)(1)(C) is 108 months. Any sentence under this plea agreement would be a departure, but the Court should consider a greater departure, to a sentence of time-served (which is 60 months now).

---

[1] The Court imposed a deadline of April 15th for filing any sentencing memos. Counsel initially opted not to file a memo, believing that the Court had the information it needed for sentencing, based on prior filings. However, counsel realized that she should clarify her request for a downward variance. To the extent this request is filed a day late, Defendant requests that the Court consider it, as there is no prejudice to the government due to the late filing.

II.

The Court is well aware of the factors it must consider under 18 U.S.C. § 3553(a).
Section 3553(a)(1) directs the Court to consider "(1) The nature and circumstances of the
offense and the history and characteristics of the defendant." Dr. Jain had an extremely
busy practice, only a part of which addressed chronic pain. While his practice fell below
acceptable standards of care, Dr. Jain did not show the callousness of someone who
intends to harm someone. In fact, evidence adduced at the evidentiary hearing showed
that Dr. Jain cared for patients and began a practice of ordering sleep studies after some
patients died in their sleep. Additionally, the evidence showed that each of Dr. Jain's
patients presented chronic pain. In other words, he was not simply prescribing pills for
the sake of distributing drugs.

Further, the nature of the offense must be viewed in the context of what has been
learned during the past years that the opioid crisis has been addressed. It is has become
widely known that the manufacturers of opioids promoted their use against the best
interest of patients. That promotion included misleading physicians about the use of their
products. Dr. Jain's practice ended before many of the changes were put into place to
address the overprescription of opioids. While his practice was an example of what
needed to be changed, still, his practice must fairly be viewed in the context of the time.
Dr. Jain did not create the opioid crisis, nor did it end when he lost his license.

As the presentence report reflects, Dr. Jain is of advanced age and is in poor
health. He lived many years as a law-abiding, contributing member of society. His first

offense came in the later years of his career, under the stress of an overburdened practice. His health has suffered by his incarceration during the pendency of this case.  The price he has paid to date, the loss of his profession, his health, his reputation, and five years of his freedom, has been an extremely heavy sentence under the circumstances.

III.

Although the circumstances of each victim are tragic, the entire tragedy was not at Dr. Jain's hands.  While the Court has found "but for" causation," the other facts causing the tragic outcomes were obvious (but need not be reviewed here).  Moreover, vengeance (an eye-for-an-eye) is not one of the factors for the Court to consider.

Other factors for the Court to consider, under section 3553(a)(2) are:

  (2) The need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The fact that Dr. Jain is convicted of a criminal offense adequately addresses the seriousness of his conduct.  Similar conduct is sometimes addressed in the civil context.[2] A criminal case with any sentence of imprisonment sends a very strong message.

---

[2] Evidence presented at the evidentiary hearing showed that Dr. Jain was not the heaviest opioid prescriber, per patient, in the State of New Mexico.  Yet others suffered only administrative consequences.

The fact that Dr. Jain will never practice medicine again addressed both deterrence and the protection of the public.  He is permanently deterred, and the public is permanently protected from his conduct.  Other doctors similarly situated are also deterred, as no doctor would take the risk of criminal consequences for this conduct.

Due to his age and his poor health, as well as his advanced education, it is extremely unlikely that prison could have any rehabilitative effect.

IV.

Dr. Jain has paid a very heavy price for his conduct, and an example has been set for any physician who might be less than vigilant regarding the prescription of opioids. All of the legitimate goals of sentencing are satisfied with a sentence of time-served for Dr. Jain.

Wherefore, it is respectfully requested that the Court grant a variance, and sentence Pawan Kumar Jain to a sentence of less than 108 months.

Respectfully Submitted,
/s/ Mary Stillinger
MARY STILLINGER
New Mexico Bar No. 4530
401 Boston Ave.
El  Paso, Texas 79902
(915) 775-0705
E-mail: stillingerlaw@sbcglobal.net

## CERTIFICATE OF SERVICE

I certify that on this 16th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Richard Williams
Assistant United States Attorney

Sarah Davenport
Assistant United States Attorney

/s/ Mary Stillinger
MARY STILLINGER